# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>ONE SILVER 2019 TOYOTA CAMRY<br>WITH VIRGINIA LICENSE PLATE TCY-7511 | )<br>)<br>)<br>)  Case No.    1:25sw 464<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the      Eastern      District of      Virginia
*(identify the person or describe the property to be searched and give its location)*:

ONE SILVER 2019 TOYOTA CAMRY, WITH VIRGINIA LICENSE PLATE TCY-7511

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Evidence of a crime further described in Attachment A.

**YOU ARE COMMANDED** to execute this warrant on or before      July 4, 2025      *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to      Ivan D. Davis      .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      6/20/2025 at 12:30 p.m.

*Judge's signature*

City and state:      Alexandria, VA                Ivan D. Davis, U.S. Magistrate Judge
*Printed name and title*

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 1:25sw 465 | 6/25/2025  6:01 AM | Muradil Ruzimatov |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

NOTHING SEIZED

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 6/30/2025

_____
*Executing officer's signature*

Ahmad HassanPoor – Special Agent
*Printed name and title*

## ATTACHMENT A – Items to be Seized

All information described below that constitutes evidence, and/or instrumentalities of violations of 50 U.S.C. § 1705, and to provide funds to be used to carry out acts intended to cause death or serious bodily injury to civilians for the purpose of intimidating a population or compelling a government to do or to abstain from doing any act, in violation of 18 U.S.C. § 2339C, since 2022, including information pertaining to the following matters:

A. any and all representation of cryptocurrency public or private keys or addresses, whether in electronic or physical format;

B. any and all representations of cryptocurrency wallets or their constitutive parts, whether in electronic or physical format, to include "recovery seeds" or "rootkeys" which may be used to regenerate a wallet.

C. Photographs, maps, diagrams, books, videos, receipts of purchase, or any other indicia related to the crime under investigation;

D. Flags, banners, patches, jewelry, and/or specifically designed clothing that depicts the symbol of, Katibat al-Tawhid wal-Jihad ("KTJ") or other terrorist groups or terrorist movements;

E. Any information, weapon, or tool that appears to relate to any potential terrorist action;

F. Travel documents and indicia of travel overseas and domestically;

G. Calendars, time schedules, address books, and contact list information;

H. Financial information, to include all financial institution records, checks, credit or debit cards, automated teller machine cards, gift cards, public benefit program cards, other financial instruments, and monies;

I. Cellular telephones, smart telephones, computers, electronic data storage devices or media, or associated electronic accessories;

J. Any information that could be determined to be passwords, personal identification numbers, or other information necessary to encrypt or decrypt information;

K. Secure storage facilities for financial instruments, passports, visas, and identification documents, including safe deposit boxes;

L. The identity of any person(s) who communicated about matters relating to providing financing or other material support to KTJ or other terrorist organizations, including records that help reveal their whereabouts; and

M. For any computer, cellular telephone, or electronic storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "**COMPUTER**"):

    a. Evidence of photographs, maps, diagrams, books, videos, receipts of purchase, or any other indicia related to the crime under investigation;

    b. Evidence of who used, owned, or controlled the **COMPUTER** at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    c. Evidence of software that would allow others to control the **COMPUTER**, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    d. Evidence of the lack of such malicious software;

    e. Evidence indicating how and when the computer was accessed or used to determine the chronological context of **COMPUTER** access, use, and events relating to crime under investigation and to the **COMPUTER** user;

    f. Evidence indicating the **COMPUTER** user's state of mind as it relates to the crime under investigation;

    g. Evidence of the attachment to the **COMPUTER** of other storage devices or similar containers for electronic evidence;

    h. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the **COMPUTER**;

    i. Evidence of the times the **COMPUTER** was used;

    j. Passwords, encryption keys, and other access devices that may be necessary to access the **COMPUTER**;

    k. Documentation and manuals that may be necessary to access the **COMPUTER** or to conduct a forensic examination of the **COMPUTER**;

    l. Records of or information about Internet Protocol addresses used by the **COMPUTER**;

    m. Records of or information about the **COMPUTER's** Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web

pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

n. Contextual information necessary to understand the evidence described in this attachment; and

o. Documents and records indicating support of jihad or martyrdom; research into terrorist organizations, including ISIS; research on destructive devices, weapons, firearms, substances, and components that can be used to construct a destructive device; planning efforts and research into terrorist attacks; diagrams of destructive devices; information relating on how to construct a destructive device; information relating to specific persons and physical property that represent potential attack targets; and the identities of any co-conspirators.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

If the government identifies seized materials, that are potentially attorney-client privileged or subject to the work product doctrine ("protected materials"), the Prosecution Team will discontinue review until a Filter Team of government attorneys and agents is established. The Filter Team will have no future involvement in the investigation of this matter. The Filter Team will review seized communications and segregate potentially protected materials, i.e. communications that are to/from an attorney, or that otherwise reference or reflect attorney advice. At no time will the Filter Team advise the Prosecution Team of the substance of any of the potentially protected materials. The Filter Team then will provide all communications that are not potentially protected materials to the Prosecution Team and the Prosecution Team may resume its review. If the Filter Team concludes that any of the potentially protected materials are not protected (e.g., the communication includes a third party or the crime-fraud exception applies), the Filter Team must obtain either agreement from defense counsel/counsel for the privilege holder or a court order before providing these potentially protected materials to the Prosecution Team. This part of the investigation is presently covert and the government believes that the subject of the search is not aware of this warrant.

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 1:25sw 464 | 6/25/2025 6:03 AM | Muradi / Ruzimatov |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

NOTHING SEIZED

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 6/30/2025

_Executing officer's signature_

Ahmad Hassanpoor — Special Agent

_Printed name and title_